IN THE CIRCUIT COURT OF THE
NINTH JUDICIAL CIRCUIT IN AND FOR
ORANGE COUNTY, FLORIDA

PUBLIC RISK MANAGEMENT
OF FLORIDA,

    Plaintiff,

v.                                    CASE NO.: 2013-CA-7688

ONE BEACON INSURANCE CO., a foreign
Corporation authorized to do business in
Florida,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, PUBLIC RISK MANAGEMENT OF FLORIDA, hereby sues Defendant, ONE BEACON INSURANCE CO., and alleges the following:

### PARTIES

1. Plaintiff, PUBLIC RISK MANAGEMENT OF FLORIDA, (hereinafter "PRM"), is a State of Florida self-insured intergovernmental risk management association, or program, organized pursuant to §768.28(16), Fla. Stat., and other Florida Statutes, which was formed in 1987 with its principal place of business located in Lee County, Florida. PRM's membership is comprised exclusively of various local governmental entities, including municipal corporations, such as the City of Winter

/

Garden, Florida, as well as counties and/or special taxing districts and/or other political subdivisions of the State of Florida.

2. Defendant, ONE BEACON INSURANCE COMPANY, (hereinafter "ONE BEACON"), is a corporation from Canton, Massachusetts authorized to transact the business of insurance and/or reinsurance coverage in Florida, and in particular, for PRM and its members.

3. The City of Winter Garden, Florida (hereinafter referred to as "the CITY") is a municipal corporation located in Orange County, Florida and is, at all times material hereto, was a member of PRM.

4. Plaintiff, PRM's, damages are in excess of the $15,000.00, the jurisdictional minimum of this Court, exclusive of costs, interest, and attorneys' fees.

5. This Court has jurisdiction in this matter because the complained-of actions and omissions occurred primarily in Winter Garden, and/or Orange County, Florida and because, based upon information and belief, Defendant is and at all times has been authorized to do business in the State of Florida and within the relevant time periods, transacted business in the State of Florida, including but not limited to the selling of insurance and/or reinsurance. Furthermore, the relevant contract or agreement at issue is specifically governed by the laws of the State of Florida.

## **GENERAL ALLEGATIONS**

6. In calendar year 2010, PRM's association or program members included the CITY, which was involved in substantial municipal infrastructure projects, including a road-widening project involving State Road 50 in Winter Garden, Florida.

7. PRM, as a Florida self-insured intergovernmental risk management association or program, sought to, and did, obtain reinsurance for the use and benefit of its members including, but not limited, to the CITY. Thereafter, PRM entered into a contract for reinsurance with ONE BEACON executed on July 28, 2010, which provided for provision of reinsurance for the coverage period of April 1, 2010 through April 1, 2011, with an extension of coverage entered into between the parties for coverage through October 1, 2011.

8. Specifically, the Reinsurance Treaty #QLBG0003 (hereinafter "The Treaty" or "Reinsurance Treaty") obligated ONE BEACON to provide to PRM reinsurance for "claims made" pursuant to PRM's policy to its members under Public Officials Errors and Omissions Liability as well as other specifically-identified losses. The Treaty provided up to $1.8 million limit of liability for 100% of PRM's Ultimate Net Loss (including legal defense costs) for each claim made, subject to a $200,000 self-insured retention (hereinafter "SIR"), payable by PRM. A true and correct copy of the Treaty is attached hereto as "Exhibit 1" and is incorporated herein by reference.

9. Beginning after the commencement of coverage on April 1, 2010, a lawsuit Complaint was filed in Orange County Circuit Court, styled <u>DeWitt Excavating, Inc. v City of Winter Garden</u>, Case No. 2011-CA-7041, wherein DeWitt Excavating, Inc. (hereinafter "DeWitt") generally alleged within its two (2) count Complaint that the CITY both committed a breach of contract with regard to certain road construction issues or activities involving the State Road 50 road-widening project in Winter Garden, Florida and also allegedly violated the Florida Public Records Act and is hereinafter referred to as the "underlying litigation".

10. DeWitt specifically alleged within its Complaint, among other things, that some of the damages claimed were "as a result of errors and omissions in the City's plans and specifications and the City's engineer's gross under-estimate of quantities of various items DeWitt would be required to furnish."

11. Furthermore, DeWitt alleged, among other things, that damages resulted from "...errors and omissions in the City's plans and specifications, and other hindrances attributable to the City...."

12. As a result of DeWitt's Complaint specifically alleging facts of public official "errors and omissions" within its Complaint, PRM determined that, should a final judgment or verdict be entered that is adverse to the CITY on those grounds, there could potentially be coverage available to the CITY, pursuant to the PRM Coverage Document, effective April 1, 2009 under the Public Officials "Errors and Omissions"

section. A true and correct copy of the PRM Coverage Document is attached hereto as "Exhibit 2" and is incorporated herein by reference.

13. Upon determining that coverage *could* apply if those facts alleged within the four corners of the DeWitt Complaint were ultimately proven, PRM thereafter determined that it was obligated, and had a contractual duty under the PRM Coverage Document, to provide a legal defense of the subject Claim for the CITY in the underlying litigation.

14. PRM in fact provided that legal defense through the law firm of Wicker, Smith, O'Hara, McCoy & Ford, P.A. in Orlando, FL, and, as a result of defending its pool member, the City of Winter Garden, FL, PRM incurred significant legal defense costs and expenses in the total amount of $486,941.07 prior to the underlying litigation being settled amicably between the parties.

15. ONE BEACON has a contractual duty to reimburse PRM for all legal defense costs and expenses in excess of the $200,000 SIR threshold, pursuant to the Treaty; in this case, said amount totals $286,941.07.

16. PRM provided reasonable and timely notice of the claim in accordance with all requirements under the Treaty and law, and has fully cooperated with ONE BEACON.

17. PRM has satisfied all conditions precedent necessary to maintain this action including, but not limited to, the Reinsurance Treaty requirement of attending a

mediation in this dispute which resulted in an impasse. Such conditions precedent have either otherwise occurred or were waived. The performance of these conditions precedent includes the performance of all acts required by the Plaintiff PRM pursuant to the terms of the Reinsurance Treaty and which acts may be lawfully required in Florida pursuant to the terms of the Reinsurance Treaty.

## COUNT 1- BREACH OF WRITTEN CONTRACT

18. Plaintiff, PRM, adopts and incorporates by reference all allegations set forth in paragraphs 1 through 17 above and realleges the same for purposes of this count as if fully set forth herein.

19. Notwithstanding PRM's entitlement to reinsurance coverage for its loss, ONE BEACON has, on and after September 22, 2011, or alternatively since December 5, 2011, breached its obligation under the Reinsurance Treaty by failing to pay and/or reimburse PRM for any legal defense costs and expenses in excess of the $200,000 SIR.

20. PRM has repeatedly tendered its claim to ONE BEACON seeking payment and/or reimbursement of legal defense costs expended in defense of its pool member, the CITY, under the Reinsurance Treaty, but ONE BEACON has failed and/or refused to pay those legal defense costs in excess of PRM's SIR threshold of $200,000.00.

21. ONE BEACON has breached the Reinsurance Treaty by failing and refusing to pay and/or reimburse PRM for those same legal defense costs expended in defense of its pool member, the City of Winter Garden, in the claim of DeWitt v City of

<u>Winter Garden, et al</u>, when same is clearly due and owing under the terms of the Reinsurance Treaty.

22. Because of ONE BEACON's failure and or refusal to pay and/or reimburse PRM for sums expended in defense of its pool member in excess of the $200,000.00 SIR, specifically, in the amount of $286,946.07, PRM has incurred substantial legal defense costs in defending against the underlying litigation and in seeking to obtain benefits due under the Treaty.

23. PRM has retained the law firm of Roper & Roper, P.A. to represent it in this action, and is obligated to pay its attorneys a reasonable fee for their services in this action.

24. ONE BEACON is also liable for the attorney's fees incurred by PRM pursuant to the Reinsurance Treaty (Exhibit 1 of this Complaint) and/or §627.428, Fla. Stat. PRM respectively requests and/or demands an award of same against ONE BEACON.

25. Plaintiff, PRM, further demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff PRM respectfully requests a judgment for damages against Defendant, ONE BEACON, with prejudgment interest, costs, and attorney's fees and for such further and additional relief as this Honorable Court deems appropriate and just under the circumstances.

## COUNT II - EQUITABLE ESTOPPEL

26. PRM adopts and incorporates by reference all allegations set forth in paragraphs 1 through 25 above, and realleges the same for purposes of this count as if fully set forth herein.

27. Pursuant to the Treaty, PRM timely notified ONE BEACON of the underlying lawsuit in DeWitt v City of Winter Garden, Case No. 2011-CA-7041.

28. ONE BEACON thereafter, on June 29, 2011, through written correspondence, attached hereto as "Exhibit 3" to this Complaint, denied coverage without a reservation of rights, stating that the Complaint alleged causes of action falling outside of the Treaty but specifically advising that PRM's Coverage Document was not analyzed in determining if coverage existed, and also that PRM's Coverage Document was not reviewed as whether a duty to defend the CITY existed.

29. ONE BEACON did however, within its June 29, 2011 correspondence, specifically recognize that, although the cause of actions pled by DeWitt as against the CITY apparently were outside of the coverage afforded by ONE BEACON's Reinsurance Treaty, PRM was nevertheless not prohibited in its provision of a legal defense by PRM to the CITY in the underlying claim, but that any such submission would be evaluated under the Treaty.

30. The Reinsurance Treaty entered into between PRM and ONE BEACON states within Article X, Section C, that the Treaty recognizes PRM's duty to defend its

members, as well as ONE BEACON's duty to reimburse PRM for those defense costs in excess of the $200,000.00 SIR. Specifically, Article X, Section C states:

> "The Reinsured has the obligation to investigate and defend any claim subject to this Reinsurance Agreement. Reinsurer acknowledges the Reinsured's duty to defend subject to the "PRM" Coverage Document referred to in Article VI above and the terms of this Reinsurance Agreement. The defense costs associated with the Reinsured's duty to defend claims will erode the Reinsured's retention referred to in Article IV above."

31. In detrimental reliance upon the Treaty and then upon ONE BEACON's correspondence of June 29, 2011 acknowledging PRM's duty to defend its pool members under the PRM Coverage Document, PRM proceeded with providing, and thereafter continued to provide, a legal defense for the CITY in the underlying lawsuit in Orange County, FL.

32. On September 22, 2011, ONE BEACON issued correspondence, attached hereto as "Exhibit 4" to this Complaint, wherein ONE BEACON "supplemented" its prior denial by realleging the previous basis for denial, restating its position of no coverage under the Treaty, and *for the first time*, stated that it was proceeding under a reservation of rights to determine if **"coverage is implicated at some point."** See ONE BEACON Correspondence dated September 22, 2011 attached hereto as "Exhibit 4". ONE BEACON also stated at that time that it "understands that [PRM] contends that Paragraphs 19 and 24 of the DeWitt action complaint create a small sliver of potential

coverage **that at least triggers PRM's duty to defend and One Beacon's duty to reimburse PRM for such defense costs."**

33. ONE BEACON, in its September 22, 2011 correspondence stated:

> "<u>Third, under the Treaty, PRM has the duty to defend claims.</u> Costs of defense (to the extent covered) erode the Treaty's limits of liability. (Treaty, Article X, Claims ¶ C.). It is further understood that ONE BEACON has the right to associate in the defense of a claim at its own expense. ONE BEACON expects that PRM will fully cooperate in this regard. (Id., ¶ D.). Please continue to provide ONE BEACON with updates and case assessments. ONE BEACON would be particularly interested to hear when Winter Garden intends to move for summary judgment on the "No Damages" provision in the contract. ONE BEACON recommends considering a motion on that provision before Winter Garden incurs costs associated with expert identification and discovery.
>
> Fourth, ONE BEACON further expects that PRM will protect any and all subrogation rights that may derive in ONE BEACON's favor in the course of proceeding. This includes not settling any claims against third-parties without ONE BEACON's consent." (Emphasis added.)

Thus, after initially questioning whether either insurance coverage and/or a duty to defend existed, ONE BEACON thereafter clearly stated in writing that it agreed PRM had/has a duty to defend claims, something which is completely contrary to its later-asserted position.

34. In detrimental reliance upon the Treaty and in good-faith reliance upon ONE BEACON's recognition of PRM's duty to defend, PRM ultimately incurred, *and*

*paid*, the sum of $486,941.07 in legal defense costs and expenses in defense of its pool member, the CITY.

35.     ONE BEACON thereafter changed its position on the duty of PRM to defend the CITY, to the detriment of PRM, by wrongfully denying or refusing payment and/or reimbursement to PRM under the Treaty for the sum of $286,941.07, which ONE BEACON was obligated to pay in legal defense costs under both the Reinsurance Treaty and the PRM Coverage Document.

36.     Although previously denying coverage, ONE BEACON did not deny payment and/or reimbursement to PRM for legal defense costs until December 5, 2011, see "Exhibit 5" attached to this Complaint, at a point in time well after PRM had already expended significant sums in excess of the $200,000.00 SIR and had sought reimbursement for same.

37.     As a result of its good-faith reliance upon the language of the Treaty and then subsequently upon ONE BEACON's recognition of PRM's duty to defend its pool member, the CITY, PRM has suffered significant economic harm.

38.     As a further result of the Reinsurance Treaty, the PRM Coverage Document, and ONE BEACON's specific written correspondence and statements to PRM which recognized PRM's duty to defend the CITY, ONE BEACON should be equitably estopped from subsequently denying payment and/or reimbursement of legal defense costs expended by PRM in defense of the CITY in excess of the $200,000.00

SIR, since PRM has incurred such excessive legal expenses that it would be highly inequitable and unjust to deny PRM its requested relief herein.

39.     Plaintiff, PRM, demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff, PRM, respectfully requests a judgment for damages against Defendant, ONE BEACON, with prejudgment interest, costs and attorneys' fees, and for such further and additional relief as this Court deems appropriate and just under the circumstances.

Dated: _____ day of April, 2013.

BY: _____
DONOVAN A. ROPER, ESQUIRE
Florida Bar No.: 858544
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703
Tel: 407-884-9944   Fax: 407-884-4343
email@roperandroper.com
Attorneys for Plaintiff, PUBLIC RISK
        MANAGEMENT OF FLORIDA

DAR/GBB:ah

SIR, since PRM has incurred such excessive legal expenses that it would be highly inequitable and unjust to deny PRM its requested relief herein.

39. Plaintiff, PRM, demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff, PRM, respectfully requests a judgment for damages against Defendant, ONE BEACON, with prejudgment interest, costs and attorneys' fees, and for such further and additional relief as this Court deems appropriate and just under the circumstances.

Dated: 21st day of May, 2013.

BY: /s/ Donovan A. Roper
DONOVAN A. ROPER, ESQUIRE
Florida Bar No.: 858544
**ROPER & ROPER, P.A.**
116 North Park Avenue
Apopka, FL 32703
Tel: 407-884-9944   Fax: 407-884-4343
email@roperandroper.com
Attorneys for Plaintiff, PUBLIC RISK
   MANAGEMENT OF FLORIDA

DAR/GBB:ah